## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

SHELDON PARKER,

 Plaintiff,

-vs-         CASE NO.: 5:21-cv-00314-JRM-PRL

EXPERIAN INFORMATION
SOLUTIONS, INC. and MOUNTAIN RUN
SOLUTIONS LLC,

 Defendants.

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

 Plaintiff, Sheldon Parker (hereinafter "Plaintiff"), sues Defendants, Experian Information Solutions, Inc. and Mountain Run Solutions LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

### JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Lecanto, Florida; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6.      Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

7.      Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      Mountain Run Solutions, LLC ("Mountain Run") is a corporation with its principal place of business located at 313 E. 1200 S. Suite 201, Orem, Utah 84058 which conducts business in the State of Florida through its registered agent, Florida Registered Agent LLC, located at 7901 4th Street N #300, St. Petersburg, Florida 33702.

10.     Mountain Run is a debt collector and a furnisher of information to the aforementioned credit reporting agency.

**FACTUAL ALLEGATIONS**

11.     Experian is one of the "big three" credit reporting agencies in the United States today.

12.     In or around mid-2012, Plaintiff entered a contract with non-party "Pinnacle Security, LLC" for a home alarm system.

13.      Subsequently that account was sold to non-party alarm servicer "Monitronics."

14.     Shortly thereafter, the alarm system became non-functional.

15.     Monitronics canceled the account in question, with no balance owed on the account.

16.     In August 2019 Plaintiff received a letter from Monitronics advising him that the account had been sold to Mountain Run.

17.     This perplexed Plaintiff since no balance was owed on the Monitronics account.

18.     Mountain Run subsequently began reporting false information about the account to Experian, which Experian subsequently began reporting.

19.     Plaintiff disputed the false information being furnished by Mountain Run with Experian directly.

20.     Experian responded by verifying the false information furnished by Mountain Run as accurate.

21.     Experian knows that Mountain Run is not a reliable source of information yet continues to verify disputed information about Mountain Run as accurate.

22.     Experian has been sued many times for verifying false information furnished by Mountain Run yet continues to verify false information furnished by Mountain Run.

23.     Experian knows that Mountain Run has a history of failing to respond to lawsuits filed against it in federal court and is aware of several default judgments entered against Mountain Run in lawsuits where both Experian and Mountain Run were named as parties.

24.     Due to the actions and/or inactions of the Defendants, Plaintiff was unable to take advantage of refinancing his home at the time of historically low interest rates.

25.     Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from a reduced credit score.

26.     Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from embarrassment, stress, worry, fear, loss of time, aggravation, anger, and humiliation.

## <u>COUNT I</u>
### Violations of the Fair Credit Reporting Act as to Experian

27.     Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully set forth herein.

28.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

29.     For Example, Experian knew Mountain Run to be an unreliable source of information yet relied on information provided by Mountain Run when preparing Plaintiff's credit file.

30.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, denials of credit, and the emotional distress described in this Complaint.

31.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

     **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT II</u>

### Violations of the Fair Credit Reporting Act as to Experian

33.     Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully set forth herein.

34.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

35.     Experian relied solely on information from a source it knew to be unreliable in responding to Plaintiff's dispute.

36.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report and credit denials.

37.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Experian, jointly and severally, for his attorney fees and costs, for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violation of the Fair Credit Reporting Act as to Mountain Run

39.     Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if set forth fully herein.

40.     Mountain Run furnished false information to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

41.     Mountain Run violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agency.

42.     Mountain Run violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

43.     Mountain Run did not have any reasonable basis to believe that Plaintiff was responsible for the account balance(s) reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

44.     As a result of the conduct, action and inaction of Mountain Run, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional

pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score and credit denials.

45.    Mountain Run's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

46.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Mountain Run in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Mountain Run to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Frank H. Kerney, III*
FRANK H. KERNEY, III
Florida Bar No.: 88672
MORGAN & MORGAN, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 559-4831
FKerney@ForThePeople.com
ASnedaker@ForThePeople.com
*Counsel for Plaintiff*